RALPH R. FOSTER *vs.* H. M. HAYWARD.

EXCEPTIONS.

HEARING, SEPTEMBER 26, 1894. DECISION, OCTOBER 23, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Costs incurred under a commission to take testimony, held, under the circumstances, not improperly taxed as costs in the cause by the Circuit Judge in the exercise of his statutory discretionary power.

OPINION OF THE COURT, BY FREAR, J.

The question presented by the exceptions is whether the Circuit Judge erred in taxing against the plaintiff the costs incurred under a commission issued at the instance of the defendant for the examination of certain witnesses in Sydney, New South Wales.

The statute expressly provides that costs of this nature shall be costs in the cause (and therefore follow the judgment which in this case was for the defendant) unless otherwise directed by the judge who orders the issuance of the commission or who tries the case, or by the court in which the action is pending. Ch. XXXII., Sec. 9, Laws of 1876, Comp. Laws, p. 364. This statute, if it does not make the ruling of the trial judge final at least gives him large discretion, with the exercise of which this Court should not interfere except in a very clear case of error. The question is not one of pure fact as to whether the costs were incurred, or one of pure law as to whether the costs are such as are covered by the statute, but one involving a consideration of what is just and proper under all the circumstances of the case,—with which the trial judge is especially familiar.

The presumption is that the costs should be allowed, and

it is incumbent on the defeated party, if he desires exception from the general rule prescribed by the statute, to show sufficient cause for such exception. This he seeks to do in the present case by showing that the testimony taken in pursuance of the commission was not offered in evidence at the trial and that, if it had been offered, it would have been rejected because irrelevant.

The mere fact that the testimony was not used is not of itself sufficient ground for disallowing the costs. A defendant may be justified in procuring depositions and yet because of contingencies which can not be foreseen it may turn out afterwards to be unwise or even impossible to have the depositions read to the jury, as, for instance, if the witnesses themselves are present at the trial. In this instance it is contended by the defendant that the depositions were not used because of an agreement made between the parties after the plaintiff had rested, that defendant should put in only his own testimony and two depositions not in question here and that plaintiff should put in no rebuttal. The object of the agreement, as we gather from the argument, was to hasten the conclusion of the trial, it being then Saturday, the last day of the term. If the depositions were admissible and were not used merely because of this agreement, the costs certainly should be taxed to the plaintiff, for the defendant could not have known at the time the commission issued what agreement the plaintiff might be willing to make during the progress of the trial. The question is not whether the depositions were in fact used or not, or even whether they might have been used, but rather whether the procuring of them was a justifiable precaution on the part of the defendant in preparing for his defense.

The plaintiff set the proceedings in motion. The action, which was for slander, promised to be vigorously and hotly prosecuted. It was for $10,000 damages. The defendant could not be expected to take risks in the preparation of his defense.

The alleged slanderous words concerned the relations

between the plaintiff and his adopted daughter, and the fact sought to be proved by the depositions was that the adopted daughter had previously been a nurse or governess in the family of one of plaintiff's relatives. This fact, the defendant contends, was admissible to show, in connection with other facts, that the words admitted to have been uttered by him, and which were similar in part to the words attributed to him in the complaint, and which were capable of a meaning not slanderous, were in fact so intended and understood, and therefore, were not actionable. In other words, the testimony was admissible, it is contended, to explain the defendant's language. The whole evidence is not before us. It is not always possible to say from an inspection of the pleadings, just what evidence is, or is not admissible. Much depends sometimes upon what other evidence has been offered and admitted. But this much appears; that other evidence similar to that in question was admitted without objection; that before applying for the commission defendant's counsel requested plaintiff's counsel to admit the fact to prove which the depositions were obtained, but that the latter refused to do so; that plaintiff's counsel made no objection to the issuance of the commission, but on the contrary, expressly consented thereto in writing and without objection paid the commissioner in Australia one-half his charges, amounting to over $150; that although he objected to defendant's direct interrogatories upon the ground of irrelevancy, he filed cross-interrogatories for the three witnesses for the defendant, and in addition filed direct interrogatories for three other witnesses in rebuttal; and that fully three-fourths of the matter contained in the depositions is the result of these questions of the plaintiff himself. We have no reason to believe that the defendant applied for the commission recklessly or capriciously. On the other hand, plaintiff's counsel himself apparently had at least serious doubts as to the admissibility and effect of the depositions, and the Circuit Judge apparently considered, in the light of all the facts before him, that the defendant was justified in obtaining the depositions, and there-

fore should not be put to the costs incurred as a result of the plaintiff's action.    Under these circumstances we cannot say that he abused his discretion in taxing the costs to the plaintiff.

The exceptions are overruled.

*W. Foster*, for plaintiff.

*W. A. Kinney*, for defendant.