JOSEPHA A. F. CARDOZO *v.* SOCIEDADE PORTU-
GUEZA DE SANTO ANTONIO BENEFICENTE DE
HAWAII, A CORPORATION.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JANUARY 19, 1909.                    DECIDED JANUARY 25, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

COURTS—*power to make rules.*

> Courts have inherent power to make rules for the transaction
> of their business, and assuming that the rules of the circuit courts
> of the Republic of Hawaii are no longer in force, the circuit court
> of the first circuit, in the absence of rules for all the circuits
> made under R. L. 1659, has power to make its own rules.

COSTS—*liability of attorneys.*

> Under R. L. 1911 and the circuit court rule as to the liability
> of attorneys for costs the court has power to tax the costs of a
> commission as costs of court and hold the attorney of the losing
> party liable therefor, although such costs were advanced by the
> opposite party pending the termination of the case.

OPINION OF THE COURT BY BALLOU, J.

Plaintiff brought an action of assumpsit, during the course
of which a commission issued at the instance of the defendant
to take testimony in the Azores. Accompanying the return of
the commission was the commissioner's bill for costs, made up
of commissioner's fees, services of stenographer and typewriter
and services of interpreter, amounting in all to $97.50. This
amount the defendant paid to the clerk of court who remitted
it to the commissioner. Defendant having prevailed in the
action presented a bill for costs including this item, but before
ruling thereon moved that an order be made by the court declar-
ing the amount of the commissioner's fees, and afterwards by
amendment that the whole of the commissioner's bill, to be costs
of court and directing the clerk to repay to the defendant the

amount advanced and to look to the plaintiff's attorney for payment. The trial judge thereupon reserved for the consideration of this court the following question: "Has this court the authority to tax this sum of $97.50 or any part thereof as costs of court and to order the clerk of this court to refund said sum to defendant and to collect the same from the plaintiff's attorney under Rule 29 of this court or any other rule, statute or power ?"

The rule referred to under which it is sought to hold the plaintiff's attorney liable reads, "Attorneys shall be liable for costs of court incurred by their respective clients." The same rule was in force in the circuit courts of the Republic of Hawaii. Rule 24 (c) 9 Haw. 723. It is argued on behalf of the plaintiff that the rules of the courts of the Republic were not after annexation the rules of the corresponding courts of the Territory, not being saved by any statutory enactment, that since annexation no circuit court rules have been established by a majority of the circuit judges as provided in R. L. Sec. 1659, and that the rule now in question promulgated by the three judges of the circuit court of the first circuit is invalid. The rule in question being the same in either instance, it is necessary to decide only that if the old rules did in fact lapse the circuit court of the first circuit, in the absence of the exercise of the statutory power prescribed by R. L. Sec. 1659 has inherent power to make rules for the conduct of its own business, and that this rule is neither outside the legitimate exercise of such inherent power nor an imposition of costs not expressly authorized by statute within the prohibition of the section.

The entire bill of the commissioner appears to come fairly within "the costs of * * * the rule or order and proceedings thereon" which by R. L. Sec. 1911 are made costs in the cause unless otherwise directed by the court. It has been already held that under this section costs of this nature may be made costs of court for which under the rule of court the attorney for the losing party may be held liable. *Waikulani v. Carter,* 12 Haw,

Cardozo v. Sociedade de San Antonio, 19 Haw. 319.

83. In that case, however, the clerk, apparently through inadvertence, had allowed the plaintiff's attorney to withdraw his balance of costs without paying the item in question, while in this case the money has been advanced by the defendant and therefore the court is not in need of the protection which has been stated to be the primary object of the rule. We do not consider, however, that the voluntary advancement of the amount by the defendant pending the termination of the litigation alters the respective rights and remedies of the parties. The costs of the commissioner were a debt of the court to one of its officers which the court would have been obliged to discharge in any event, and the temporary assumption of this debt by the defendant gives him a right to the same remedies which the court would have.

It is true that this rule of liability of attorneys for costs is liable to work hardship in particular instances. So far as costs of commissions are concerned, however, unjust results may be minimized by the exercise of the discretion vested in the court by Sec. 1911. *Foster v. Hayward,* 9 Haw. 563. The question reserved in this case concerns only the power of the court to make the order referred to, and this question we answer in the affirmative.

*W. W. Thayer* for plaintiff.

*A. Perry* for defendant.