TERRITORY OF HAWAII, BY MARSTON CAMPBELL, COMMISSIONER OF PUBLIC LANDS *v.* KAPIO-LANI ESTATE, LIMITED, A CORPORATION, AND LEE HOU, LEE SAU (NO. 1), LEE SAU (NO. 2), LEE CAN HING, SAN TAI, YEE KAN CHONG, LEE CHOY TIN, LEE SAN YEE, LAM MAN PING, LEONG NEE HUNG, LEE CHING, AND LEE LUNG, COPARTNERS DOING BUSINESS IN HONOLULU UNDER THE FIRM NAME AND STYLE OF HOP SING COMPANY.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 14, 1911.          DECIDED JUNE 20, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

PROCESS—*certificate of copy by sheriff.*

Under R. L., §1721, the copy of the summons and of the petition may be certified by any one of the officers designated to whom the documents have been entrusted for service.

JUDGMENT—*reopening default—necessity of stating facts constituting defense.*

In an affidavit in support of an application to set aside a default the statement that the appellant has a good and meritorious defense is insufficient. The facts relied upon should be set forth in order that the court may judge whether the defense is meritorious.

COURTS—*power to make rules.*

The rule of the circuit court of the first circuit which assigns all jury-waived cases to the third judge for trial is, if intended to deprive the other judges of jurisdiction to hear such cases, invalid.

JUDGES—*disqualification.*

> Under section 84 of the Organic Act a judge is not disqualified to hear an action ·of ejectment by reason of the fact that he was of counsel in an earlier action (for summary possession) in which the title to the same land was involved.

## OPINION OF THE COURT BY PERRY, J.

This was an action of ejectment relating to certain land in Manoa, Honolulu, Oahu, and was tried without the intervention of a jury and judgment rendered for the plaintiff for restitution of the land and for $750 damages. The Kapiolani Estate, Limited, one of the defendants, thereupon sued out a writ of error. The assignments argued will be referred to in their order.

The copy of the summons served upon the appellant was certified by "Patrick Gleason, Deputy High Sheriff," to be a true copy of the original on file in the court. Section 1721 of the Revised Laws provides that "every summons issued under the seal of a court of record shall be served by the high sheriff or his deputy * * * upon the defendant by delivery to him of a certified copy thereof" but does not specify by whom the certificate is to be made. The present appellant moved to set aside the service on the ground that the certificate was not by a person authorized by law to make the same and the motion was denied. The precise point here involved was considered in *Pasquoin* v. *Sanders,* ante 352, and decided adversely to the defendant's present contention. It was held in that case that "under R. L., §1721, the copy of the summons and of the petition may be certified by any one of the officers designated to whom the documents have been entrusted for service." No reason satisfactory to our minds has been suggested by counsel and none has occurred to us for departing from the construction thus placed upon the statute. The ruling assigned as error was correct.

Upon the defendant's failure to answer or otherwise plead within the time required by law an order was, on the plain-

tiff's motion, entered declaring it to be in default. The Kapiolani Estate, Limited, subsequently moved to set aside the default, presenting in support of the motion two affidavits. In the latter it is asserted that an officer of the defendant corporation employed counsel to defend the action, made to him a full and clear statement of the facts constituting the corporation's defense, was advised by the attorney that the defendants had a full and complete defense to the action on the merits, and that the attorney, presumably by reason of illness, overlooked and neglected the preparation and filing of a defense to the action. No showing was made in support of the motion as to what the facts were constituting the alleged defense. Under the circumstances it was not an abuse of discretion for the trial judge to refuse to reopen the default. In *Ayers v. Mahuka,* 9 Haw. 377, 399, it was clearly held, with reference to a similar motion to set aside a default: "The affidavits are also insufficient in not disclosing the facts relied upon in defense. It is not sufficient to state that 'defendant has a good and meritorious defense' without setting out what it is so that the court can judge whether it is meritorious."

The defendant objected to the Honorable William L. Whitney, judge of the circuit court of the first circuit, hearing the case on the ground, first, that one of the rules of that court, at that time in force, provided that all jury waived cases should be heard by the third judge, and, second, that Judge Whitney had been of counsel for the plaintiff at an earlier stage of the same case. If the circuit court rule in question cannot be regarded as directory merely or as leaving discretionary power in each of the judges of the first circuit to hear and determine, as occasion may require, causes not allotted to him under the rule,—if, in other words, it must be regarded as depriving each judge of jurisdiction to hear, without the consent of one or both of the other judges, cases not so allotted to him, the rule is invalid. The power granted by section 1659 of the Revised Laws to "a majority of the circuit judges" to make rules "for regu-

lating the practice and conducting the business of the circuit courts in all matters not expressly provided by law" and any power to make rules which the judges of the first circuit may have aside from the section just quoted are always subject to the limitation that the rules shall not be in conflict with any valid existing statute. The statutes confer jurisdiction upon each of the three judges to preside at trials in term cases and to hear and determine jury-waived cases. The rule in question cannot operate to deprive any one of the judges of that jurisdiction.

The service rendered by Judge Whitney as attorney for the Territory was in a case brought by the Territory against the Kapiolani Estate, Limited, as the sole defendant, in the district court of Honolulu and thereafter appealed from that court to the circuit court of the first circuit and from the latter to the supreme court of the Territory. The earlier case was a proceeding for summary possession of the same land involved in the present action, and of other lands. In the earlier case, after a decision by this court affirming a judgment of restitution of the property to the plaintiff, a writ of possession and of execution was issued and returned by the sheriff as executed with reference to the possession only. Whether this return was untrue in fact or whether the defendants subsequently re-entered does not appear, but evidence was introduced at the trial of this action tending to show that for some time prior to the institution of these proceedings the defendants had been in occupation of the land. Section 84 of the Organic Act, as amended by the Act of May 27, 1910, provides, inter alia, "Nor shall any person sit as a judge in any case in which he has been of counsel." The action for summary possession and the present action of ejectment cannot properly be said to be one and the same case within the meaning of that section. Even if the title to the land which is the subject of the controversy in this proceeding was also involved in the earlier one, the two are separate and distinct cases. *Taylor* v. *Williams,* 26 Tex. 583.

The only remaining assignment referred to in the appellant's brief is to the effect that the decision and the judgment were contrary to the law and the evidence and the only point suggested under that assignment is that "nothing in the evidence offered and received upon the trial of this case authorized the circuit court to decide, as it did decide, namely, that the title of the land here in question was, at the time of the bringing of this action, in the United States with the right of possession in the Territory of Hawaii" and that "the crown lands were and are private 'property." The land in question was shown to have been a part of the crown lands. In appellant's brief it is expressly stated that "it is not the purpose to here reargue that question" (of the ownership of the crown lands). The point with reference to this very land in Manoa was disposed of in the action for summary possession (*Territory* v. *Kapiolani Estate, Limited,* 18 Haw. 640), where it was held that "The court takes judicial notice that the title in the lands formerly known as crown land is now in the United States and that the Territory is by law entitled to re-enter and recover possession for non-payment of rent," and that "a claim that Art. 95 constitution of the Republic of Hawaii is invalid, which declares that the portion of the public domain theretofore known as crown lands then was, and theretofore had been, the property of the Hawaiian government, does not present a question for judicial inquiry." Under the circumstances a re-examination of the subject is not required.

The judgment of the circuit court is affirmed.

*E. W. Sutton, Deputy Attorney General (Alexander Lindsay, Jr., Attorney General,* with him on the brief), for plaintiff.

*C. W. Ashford* for defendants.