Syllabus.

# TERRITORY *v.* SAMUEL KAUHANE, A. M. CABRINHA, WILLIAM A. TODD, EUGENE H. LYMAN, A. A. AKINA, JAMES AKO AND JULIAN YATES.

## No. 1171.

### REHEARING OF MOTION TO DISMISS.

ARGUED MAY 13, 1919.                    DECIDED MAY 24, 1919.

### COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*exceptions—costs.*

Section 2514 R. L. 1915 provides that upon the allowance of a bill of exceptions and the deposit of twenty-five dollars or a bond of the same amount by the party excepting with the clerk of the court for costs to accrue in the supreme court the questions arising thereon shall be considered by the supreme court. This statute expressly designates all that is required of an appellant in order to entitle him to have the questions presented by the bill of exceptions considered by the supreme court and it is beyond the power of the supreme court by rule or otherwise to add to these requirements.

SAME—*same—same.*

If subdivision 5 of Rule 8 of the supreme court is to be construed as placing burdens upon an appellant contrary to the statute above referred to then the rule is in conflict with the statute and must give way to it.

COURTS—*power of to prescribe rules.*

The power of a court to make rules for governing the practice and conducting the business of the court is always subject to the limitation that such rules must not contravene a statute or the organic law.

*Per Curiam:* Upon motion of appellee an order of this court was made and entered on the 2d day of May, 1919, dismissing appellants' bill of exceptions for failure on the part of the appellants to pay the costs of court accrued in

the circuit court as held to be required by subdivision 5 of Rule 8 of the supreme court. The rule provides that "After final judgment a party seeking a review in this court by exceptions must within a reasonable time not exceeding twenty days after the allowance of his bill of exceptions pay the necessary costs and file the necessary bond or deposit cash in lieu thereof." Thereafter appellants duly filed a petition for a rehearing which has been granted. Although the rule of court above quoted would indicate otherwise, and contrary, we think, to a prevailing impression, there is no statutory provision requiring the payment of costs as a prerequisite to the right of a review by a bill of exceptions. Section 2513 R. L. 1915 contains no such requirement and section 2514 provides that "Upon the allowance of such bill of exceptions and the deposit of twenty-five dollars, or a bond of the same amount by the party excepting with the clerk of such court, for costs to accrue in the supreme court, the questions arising thereon shall be considered by the supreme court." This statute expressly designates all that is required of an appellant in order to entitle him to have the questions presented by his bill of exceptions considered by the supreme court and it is beyond the power of this court, by rule or otherwise, to add to these requirements. Section 2260 R. L. 1915 provides that "The supreme court may, from time to time, make rules consistent with existing laws for regulating the practice and conducting the business of said court, and thereafter revise the said rules at its discretion; but in no case shall have power to impose costs not expressly authorized by law." The power of any court to make such rules as may be deemed necessary is always subject to the limitation that such rules must not contravene a statute or the organic law. See *Goodwin* v. *Bickford,* 20 Okl. 91, also *Territory* v. *Kapiolani Estate,* 20 Haw.

548. When an appellant has secured the allowance of a bill of exceptions and has deposited $25 or a bond of the same amount with the clerk to secure the payment of costs to accrue in the supreme court he is entitled by the provisions of the statute to have his exceptions heard and if subdivision 5 of Rule 8 of this court is to be construed as placing burdens upon an appellant contrary to statute then the rule is in conflict with the statute and must give way to it.

The order of court, heretofore made and entered as aforesaid, dismissing appellants' bill of exceptions is hereby revoked and set aside and the cause is restored to the calendar of the supreme court.

*J. Lightfoot,* First Deputy Attorney General, for the motion.

*W. H. Smith* contra.

