ELIZA R. P. CHRISTIAN, AN INCOMPETENT PERSON, BY HERMAN V. von HOLT (SUBSTITUTED FOR GEORGE H. HOLT, DECEASED), HER GUARDIAN, *v.* WAIALUA AGRICULTURAL COMPANY, LIMITED, AN HAWAIIAN CORPORATION, AND JAMES L. HOLT.

No. 1920.

ARGUED DECEMBER 30, 1929.        DECIDED JANUARY 16, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF PERRY, C. J.

From a decree entered by the circuit judge on October 16, 1929, the respondent, the Waialua Agricultural Company, Limited, seeks to take an appeal to this court. It filed its written appeal and notice of appeal on October 19, within the time limit of five days prescribed by law, and on the same day and within the time limit of ten days prescribed by law, it paid to the clerk of the circuit court the sum of $171.20 as costs. The petitioner moves in this court to dismiss the appeal on the ground that the respondent "did not, as expressly required by the provisions of the Revised Laws of Hawaii 1925, pay the costs theretofore accrued and duly taxed in said cause, and that the sum of $810.45 theretofore accrued and duly taxed by order of said court was not paid within the time provided by law or at all; that the payment of said costs was in no way waived by petitioner herein." The costs accrued, as entered in the docket of the clerk of the circuit court at the date of the order of the circuit judge taxing costs, were in the sum of $160.70 and at the date of the payment by the appellant of the costs amounted to $171.20, the difference of $10.50 having accrued after the presentation of the bill of costs and before the payment on October 19. On October 15, 1929, the circuit judge allowed total costs in the sum of $2256. This ruling was upon a bill of costs presented by the petitioner and containing the following items: fees of sixty-nine witnesses, $138; mileage of witnesses, $195.44; "paid London commissioner as per affidavit attached, $77.92; paid Oxford commissioner as per affidavit attached, $504.88; paid notary at Port Townsend, Washington, as per affidavit

attached, $5.00; paid notary at Cincinnati, Ohio, as per affidavit attached, $5.85; paid William S. Chillingworth as per affidavit attached, $150.00; paid D. K. Sherwood as per affidavit attached, $5.80; 3 witnesses subpoenaed on accounting, $6.00; to accrued costs of court as per clerk's docket, $160.70; 29 witnesses in England called and sworn, $58.00; to costs of transcript as per stipulation, $1,285.38; to drawing petition, $3.00; to two copies thereof, $3.00; to attendance on argument demurrer, $3.00; to attendance on trial, $3.00; to drawing bill of costs, copy and service, $1.00; to attendance on taxation of costs, $1.00,"—a total of $2606.97.

The circuit judge allowed $91 in lieu of the first two items of $138 and $195.44, respectively, disallowed the item of $150 paid to Chillingworth and the item of $58 for "29 witnesses in England" and allowed all the other items as claimed in the bill, remarking at the time that the item of $1285.38 for costs of transcript had already been paid by the respondent and was "included for purposes of completeness."

The statute under which this appeal was taken (R. L. 1925, Sec. 2509) reads as follows: "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court, except in cases in which the appellant is entitled to appeal to a jury, whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued, and deposit a sufficient bond in the sum of fifty dollars, conditioned for the payment of the costs further to accrue in case he is defeated in the appellate court, or money to the same amount, within ten days after the filing of the decision, judgment, order or decree appealed from." While, as above appears, the ground of the motion to dismiss as originally presented was that items of taxed costs aggregating $810.45 had not been paid by the appellant,

the ground upon which reliance was placed by the appellee in argument was that the items of $77.92 and $504.88, or an aggregate of $582.80, paid to the "London commissioner" and the "Oxford commissioner" for their services in taking testimony, had not been paid by the appellant in connection with the perfecting of the appeal. The precise question before us is, therefore, whether under the circumstances of this case the two sums aggregating $582.80, which were paid to the commissioners in England for their fees and expenses in taking testimony, are "costs accrued" within the meaning of section 2509.

Speaking generally, costs are the taxable expenses of litigation. But the word "costs" is susceptible of different meanings. It is used in different senses. Giving it its broadest signification it may include all of the items which are taxed in favor of a successful party, such as the attorneys' fees permitted by statute, fees and mileage of witnesses, stenographers' fees in the making of transcripts, statutory fees for filing papers, for issuing process, for serving witnesses, for judicial hearings and orders and for other judicial charges, which statutory fees go to the government as partial compensation for the maintenance of the courts, and other expenses incurred by the successful party and deemed reasonable by the taxing officer. On the other hand it may be so used as not to include some of the items taxed in a bill of costs and so as to include the statutory fees just referred to and other items sometimes termed costs of court. It may also be used as including only the statutory costs which are entered customarily in the docket of the clerk of court and which when collected belong to the government, whether the Territory or the city and county.

That the word "costs" in section 2509 is not used as including all items taxable as costs has been definitely decided by this court in *Lufkin* v. *Grand Hotel Co.*, 24 Haw.

744, 746, 747. This was an equity suit for foreclosure of a mortgage and the appointment of a receiver. The appellee moved to dismiss the appeal on the ground that the appellant had paid only $36.75, being "court costs," and had not paid an item of nearly $7000 which had been incurred for the fees and expenses of the commissioner in advertising and making the foreclosure sale and in fees of the attorneys for the petitioner and the salary and expenses of the receiver. While in that case at the time of the filing of the notice of appeal "there had been no finding by the court fixing the amount of fees, salaries and expenses which were afterwards allowed in the decree which also confirmed the foreclosure sale," that fact was not made the basis by this court for its ruling upon the motion to dismiss. The court denied the motion, saying: "So far as we are aware the question involved in this motion has never been passed upon by this court, though undoubtedly many cases in which such items of expense were incurred have come to this court either with or without such items being paid. It seems to us that the answer to movant's contention is that the items cannot be properly classed as costs of court and therefore do not fall within the statutory provision requiring the payment of the accrued cost to perfect an appeal." Whatever else that decision may or may not have decided, it certainly did decide that not everything which can be properly classed as costs is "costs" within the meaning of section 2509.

In the remaining language of section 2509 there are only two indications, both very slight, as to the sense in which the word "costs" is there used, but both of those indications are in favor of the view that the legislature had in mind only those costs (referred to in the argument in this court as "clerk's costs") which the statute expressly authorizes to be charged by the courts for the fil-

ing of papers, for the holding of hearings, etc., and which are to become, when collected, government realizations. One of them is that the bond or cash required to be deposited, "conditioned for the payment of the costs further to accrue in case he" (the appellant) "is defeated in the appellate court," is in the sum of $50 only. While ordinarily that sum is sufficient for the "clerk's costs" as above defined, still, in view of the power conferred upon this court by section 2511 to hear newly discovered evidence in cases appealed from circuit judges in chambers, that sum would not be sufficient to meet the fees and expenses of commissioners appointed to take evidence or to meet other larger expenditures properly taxable as costs in favor of the successful party. The other is the provision that "appeals may be allowed *upon like terms* as to filing bond and payment of costs, * * * from decrees overruling demurrers or from interlocutory judgments, orders or decrees whenever the circuit judge may think the same advisable for the more speedy termination of litigation." Appeals from interlocutory judgments, orders or decrees may well take place, as for example in partition suits and in suits for the foreclosure of liens, after a somewhat lengthy trial in which considerable expenditures for fees of commissioners, masters and other judicial officers and for other purposes have been incurred, but as far as I know in this jurisdiction it has not been the practice in such cases to tax or to ask for the taxation of bills of costs prior to the taking or perfecting of such interlocutory appeals. Costs other than clerk's costs accrue, of course, at the time of their expenditure or at latest when it is known who the successful party is. They may be taxed considerably later but they always accrue before they are taxed and sometimes long before. The statute provides that these interlocutory appeals shall be "upon like terms" as to the payment of costs as in appeals

from final decrees, orders or judgments. I cannot think that in interlocutory appeals the legislature intended to make compulsory the taxation of costs before final decree and to make compulsory the payment of costs as taxed, other than clerk's costs, in order to perfect an interlocutory appeal. The tendency of both of these considerations from the language of the statute is, although slight, in favor of the view that only clerk's costs were referred to in the requirement of payment of "costs accrued" in order to perfect an appeal. That, too, is the more natural and probable meaning intended by the legislature to be attached to the expression under consideration. The provision, it would seem, was intended for the protection of the government in securing for itself payment of the costs prescribed, charges which the courts were authorized to make in partial compensation for the services rendered by the government to litigants in the settlement of their disputes. It would be, I think, a more strained construction to regard the provision as a means of enforcing early payment to the successful litigant of all costs other than clerk's costs which had been awarded to him. For the collection of such additional costs by the successful party from an unsuccessful party the aid of the process of the courts is always available and it is not known until the final disposition of the cause in the appellate court which of the two parties will recover the additional costs. Sometimes it is the appellee, but sometimes, also, it is the appellant. Again, the contrary view, that section 2509 contemplates the prepayment of all taxable costs or even of some costs (like commissioners' fees) other than clerk's costs, would make appeals extremely burdensome in some cases and greatly irregular in burdens as between different cases.

The contention is advanced that fees paid to commissioners appointed to take testimony are costs of court and

that under the ruling of this court in *Cardozo* v. *Socie-dade,* 19 Haw. 319, they are a debt of the court or of the government to the commissioners and are to be regarded as "costs of court" and are therefore included within the term "costs accrued" as used in section 2509. I do not recall any instance within my experience of an appropriation made by the legislature of Hawaii for the payment of fees of commissioners to take testimony. I feel safe in saying that there has been none and that the appropriations for the incidental expenses of the courts have not been understood to include such payments. However that may be, it seems to me that at this time and under the circumstances of this case the two items under consideration cannot properly be regarded as costs of court. In the *Cardozo* case it was held that the circuit judge had the power to direct that the payments to the commissioners to take testimony be considered as costs of court. After presentation of the bill of costs, but before taxation had been ordered, the successful party in that case moved for a direction to that effect by the circuit judge and the question was thereupon reserved to the supreme court whether the trial judge could lawfully so direct, with the result already stated. The statutory provision (R. L. Sec. 2575) is that "the costs of every application for any rule  *  *  * for the examination of witnesses under any commission *  *  *  and of the rule or order and proceedings thereupon, shall be costs in the cause unless otherwise directed either by the judge making such rule or order, or by the judge before whom the trial or inquiry of the cause may be had, or by the court wherein the action shall be depending." There is also another provision (*Ib.,* Sec. 2542) in the chapter relating to "costs" and under the subtitle of "Attorneys' fees" that "all actual disbursements sworn to by an attorney, and deemed reasonable by the taxing officer, may be allowed in taxation of costs." In the case

at bar·the bill of costs above quoted included an item of $160.70 for "accrued costs of court" and a number of other items for expenditures made or incurred, including the two items in question of payments to the commissioners in England. The bill was supported by the affidavits of two of the attorneys for the petitioner showing that one of them had paid one of the commissioners $417.48 "for the fees, charges and expenses" of said commissioner and that the other had paid $87.40 and $77.92 (these three items amounting in all to the $582.80 in question) for "fees, charges and expenses" of a·commissioner and further showing, in the affidavit of the first, that "the testimony of all witnesses called before said commissioner was necessary and relevant" and in the affidavit of the second that all the payments made "were necessary and reasonable." The order made by the court taxed the costs at a total of $2256.53, which included the $582.80 in question. There was no request or order that the $582.80 be taxed as costs of court. I understand the acts done by the parties and by the trial judge to be consistent only with the theory that the $582.80 was being taxed as an "actual disbursement" sworn to by the attorneys and deemed reasonable by the taxing officer and to be wholly inconsistent with the theory that that sum was being taxed as costs of court for which the government was to be liable and which the clerk of the court as the representative of the government was to pay out in the first instance. In other words, I regard these acts of the parties and of the court as meaning that the court "otherwise directed" within the meaning of section 2575. If now, after the expiration of the ten days allowed by law for the payment of costs for perfecting the appeal, this appellant were to be denied an appeal because it failed to regard the $582.80 as "costs of court" within the meaning of section 2575 and therefore as "costs accrued" within the meaning of section 2509, it

would be permitting the statutes and judicial procedure to be made traps for the unwary.

After the present motion had been argued and submitted the court requested counsel to produce such evidence as might be found available tending to show what the practice has been in the past under this statute relating to appeals. In response to this request affidavits were filed which had been made by clerks of four out of our five circuit courts and by a number of attorneys. Later cross-examination was had of the statements made by one of the clerks of the first circuit. It is apparent from the evidence that the practice has not been uniform; and yet there is in it, as I think, much to emphasize the correctness of the construction which I am placing upon section 2509. The four clerks of court all testified that in receiving payments in connection with the perfecting of appeals under section 2509 they have not concerned themselves with any costs other than those which at the argument and in this opinion are referred to as the "clerk's costs." In the first circuit, out of slightly over two hundred cases reported by the clerk in his affidavit, it is agreed that in about one hundred and sixty of them there had been no taxation of costs and that therefore only the "clerk's costs" had been paid. Of the remainder (a total of from forty-two to forty-five), I find that in more than thirty cases only the clerk's costs were paid and the additional costs which were taxed were not paid. In the others either both classes of costs were paid or, in a very few instances, the matter is doubtful. In each of the instances in which clerk's costs only were paid it is to be noted that that procedure evidenced not merely the construction placed upon the statute by the attorney who paid, but also the construction placed thereon by the attorney for the appellee, for it does not appear that in any of those instances a motion to dismiss for failure to pay sufficient

costs was made. So, also, in all instances in which clerk's costs only were paid that fact is indicative of the view taken by the clerk who received the costs and who represented the government in the transaction, the government being the payee of the costs so paid. I consider that the construction placed by the clerks of court as shown by their acts and omissions is of even greater weight than the construction placed by the paying attorneys. The one hundred and sixty cases in which no additional costs had been taxed are claimed by counsel for the appellee in the case at bar to be of no significance. I think that they do have significance. It may be presumed that in most of them some additional costs were taxable and that in some of them court costs other than "clerk's costs" were taxable. If the statute required or contemplated the payment on appeal of *all* costs taxed or of all "costs of court," attorneys for appellees may well have been expected, in many if not in all cases, to have secured taxation of costs at the first opportunity in order to make the appeal more burdensome to the appellant and in order, also, to secure an earlier and more certain payment of those additional costs. While the rule of long continued uniform contemporaneous construction cannot be here invoked, nevertheless I feel encouraged by the evidence adduced in thinking that the construction which I place upon the statute is the correct one.

In my opinion the two items aggregating $582.80 are not in this instance costs of court and are not "costs accrued" within the meaning of section 2509 and need not have been paid in order to perfect the appeal; and the motion to dismiss the appeal should be denied.

*B. S. Ulrich* (*Ulrich & Hite* on the briefs) for the motion.

*A. L. Castle* (*Robertson & Castle* on the brief) contra.

CONCURRING OPINION OF BANKS, J.

I, too, think the motion to dismiss the appeal should be denied. I am brought to this conclusion by my agreement with the opinion of the chief justice that "accrued costs," as used in the appeal statute, means "clerk's costs," which upon collection become revenues of the government, as distinguished from "costs of court," such as costs of taking depositions and other costs that are made necessary by the litigation and that follow the judgment. What costs are required by statute to be paid on appeal has too long been a matter of conjecture in this jurisdiction. I think it is time the question were settled by judicial ruling and to my mind it does no violence to the language of the statute to say that it was the intention of the legislature to limit such costs to those that appear on the clerk's docket. I am the more satisfied with this conclusion because I believe it to be just. It minimizes the burden of appeals, which is desirable, and thus places the appealing litigant of small means more nearly on an equality with the appealing litigant of large means.

DISSENTING OPINION OF PARSONS, J.

I respectfully dissent. The provision of section 2509, R. L. 1925, that "appeals shall be allowed * * * whenever the party appealing * * * shall pay the costs accrued," etc., does not expressly place any limitation upon the costs thus to be paid except only the one that such costs shall have "accrued" and it does not expressly confine such costs to any one or more classifications. In *Lufkin* v. *Grand Hotel Co.,* 24 Haw. 744, 747, this court held that certain items of expense therein set forth could not be properly classed as "costs of court" and that they therefore did not fall within the statutory provision requiring the payment of "accrued costs" to perfect an ap-

peal. In the *Lufkin* case above cited the terms "costs accrued" and "costs of court" are apparently used interchangeably, but neither term is therein defined other than that it excludes items of expense of the kind set forth in the court's opinion in that case.

Chapter 147, R. L. 1925, entitled "Costs," is arranged in divisions under the four following subtitles, namely: "District Courts," "Circuit and Supreme Courts," "Probate Courts" and "Miscellaneous." Except for these subtitles and except for the heading of section 2545, namely, "Remission of Court Costs," the statutes contain no classification of and no express reference to "court costs." The term is again found, and again without definition, in the rules of the supreme court and in the rules of the circuit courts. Under the subtitle "Circuit and Supreme Courts," in R. L. 1925, chapter 147 on "Costs" above referred to, are two sections only, namely, sections 2542 and 2543. Section 2542 contains four subdivisions headed respectively "Schedule," "Attorneys' Fees," "High Sheriff's and Sheriff's Fees," and "Judge's Fees." Section 2543 provides that "section 2542 shall apply to the justices of the supreme court and the circuit judges when sitting at chambers as well as to the supreme and circuit courts, except as otherwise provided."

The majority opinions hold that all of the items scheduled in section 2542 are not "court costs." I do not dissent from that view. But I am not of the opinion that the remaining items of said schedules constitute a complete list of all costs which may be properly classified as "court costs." There is authority to the contrary. Section 2575, R. L. 1925, provides that "the costs of every application for any rule or order to be made for the examination of witnesses under any commission by virtue of this chapter, and of the rule or order and proceedings thereupon, shall be costs in the cause unless otherwise

directed, either by the judge making such rule or order, or by the judge before whom the trial or inquiry of the cause may be had, or by the court wherein the action shall be depending."

In *Waikulani* v. *Carter*, 12 Haw. 83, a commissioner's fee under the foregoing section, which had been ordered by the circuit judge to be added to the costs of court, was held by this court to be "costs of court;" that term being evidently understood to be either synonymous with or included within the term "costs in the cause" used in section 2575, *supra*. In the *Waikulani* case above referred to the plaintiff had discontinued his case and had withdrawn the balance of his deposit, leaving no funds to his credit with which to pay the commissioner's fee. The clerk then charged the amount of said fee against the attorney for the plaintiff under rule 24-c of the circuit courts, which provided that "attorneys shall be liable for *costs of court* incurred by their respective clients." (The italics are mine.) That the court had in mind the distinction between costs of court and other costs is shown by the recital in the opinion that "costs of court referred to in the rule cover only what are strictly costs of court. They do not include 'fees' or disbursements," citing *Kanahele* v. *Wakefield*, 11 Haw. 258. *Waikulani* v. *Carter, supra,* which was decided in 1899, was followed nearly ten years later by *Cardozo* v. *Sociedade de San Antonio*, 19 Haw. 319, where upon a reserved question of law to this court the trial court was held to have authority to tax a commissioner's fee as "costs of court" and to order the clerk to refund the amount thereof to defendant and to collect the same from plaintiff's attorney under the rule above quoted. In the *Waikulani* case the clerk was held authorized to collect from plaintiff's attorney the amount of the fee for payment of the same to the commissioner and in the *Cardozo* case he was held authorized to collect it to

reimburse the defendant for the amount advanced by it to the commissioner. In each instance the commissioner's fee was held to be costs of court and to be taxable under the provisions of section 2575 and, *semble*, it was not only that but it was a proper and necessary charge to be entered in the clerk's docket. This brings me to a consideration of *docket charges* and their importance or unimportance in determining what are "costs accrued" and "costs of court." Whether or not the clerk's office is the conduit through which the payment of costs, other than those for which he is required by section 2555, and section 4112, R. L. 1925, as amended by Act 12, L. 1929, to account to the government, should be made, the statutes and rules of court do not expressly provide and we are apprised of no uniform or general custom in this respect. If such costs are paid to the clerk and accepted by him, clearly he should make an entry of them, but whether his docket entries include or exclude such items it is apparent that the question of the costs to be paid upon an appeal cannot be determined solely from the docket. In the case at bar we are not apprised of the items which go to make up the clerk's docket entries. The majority apparently is of the opinion that the only costs required to be prepaid upon appeal are the items for which the clerk is required to account to the government; but I can find no authority and no sufficient reason for placing such a limitation upon the meaning of the term "costs accrued" as used in section 2509. On the contrary, there seems to be sufficient and long established precedent for the different construction herein set forth.

The majority apparently differentiates the *Waikulani* and *Cardozo* cases from the case at bar because of the fact that in the earlier cases the trial court had directly ordered that the fees of the commissioner to take testimony be made costs of court, while in the present case no

such order was made. In view of the fact that elsewhere in the opinions referred to the question as to whether or not the clerk is accountable to the government for the costs so chargeable is made the true test as to what are or what are not costs accrued, this distinction cannot be controlling. Nevertheless, taking up the distinction above referred to, it appears to me not to affect the rights of the parties in view of the provisions of section 2575 that the costs of the examination of witnesses under commission shall be costs in the cause *unless otherwise directed*. Under this provision omission to direct otherwise would make the commissioner's fees costs in the cause. I cannot concur in the view that the record in this case shows that the trial judge *otherwise directed*. The facts (a) that the commissioner's fees were paid in advance by the petitioner; (b) that they were sworn to as necessary and reasonable and that the testimony obtained through witnesses appearing before the commissioner was necessary and relevant; and (c) that they were referred to in the affidavit of counsel for petitioner as "disbursements," are insufficient in my opinion to change their character as costs. Costs which are found in the schedule of items for which the clerk is accountable to the government are deposited in advance by the petitioner and if the petitioner were to swear that said amounts were so disbursed, I cannot think that that fact would change the character of any part of such deposits as costs accrued nor relieve the respondent, if he were the appellant, of the duty to prepay them as a condition precedent to allowance of his appeal. Nor can I regard the allowance of the items of the amounts paid the commissioners in plaintiff's bill of costs or the reference therein to "accrued costs of court as per clerk's docket" as a *direction otherwise* within the purview of section 2575.

Assuming that section 2509 is ambiguous in its meaning and that it is therefore open to proof of practical construction, I do not agree that the proof offered showed construction by a practice sufficiently uniform to support the contentions of either party in this respect.

I also fail to find manifested any legislative intent as to what costs specifically shall or shall not be paid upon appeal in enactments *in pari materia*. It is true that section 2509 provides that interlocutory appeals may be allowed upon like terms as to payment of costs, etc., but what are or are not like terms can only be ascertained from the earlier provisions of section 2509 as to final appeals. A similar provision is found with reference to interlocutory exceptions in section 2515. But neither section 2515 nor any other section provides for the prepayment of costs upon final exceptions (see *Territory* v. *Kauhane,* 25 Haw. 307), and therefore the subsequent provision that interlocutory bills of exception upon like terms as to payment of costs, etc., may be certified to the supreme court, probably requires for this purpose the prepayment of no costs whatsoever. No writ of error shall issue except in criminal cases and cases in which there is no money judgment until a bond has been filed with the clerk in favor of the prevailing party conditioned for the payment of the judgment in the original cause in case of failure to sustain the writ of error. (See section 2529.) The three sets of appellate provisions above referred to present no uniform legislative purpose as to the costs thus to be prepaid or secured.

The commissioner's fees taxed herein having not been paid by the appellant and the same being "costs accrued" in the view hereinabove expressed, in my opinion the motion to dismiss the appeal should have been granted.