Contestants Kalei Kalimapehu, Charles Long Kalimapehu, Rose K. Young and Kahala Kaiwi Puaiole petition for a rehearing of this case, reported on page 355, ante, on the grounds that the opinion of this court interpreting the words "accrued costs," as used in section 3203, R.L. 1925, to mean and include "costs authorized by statute to be charged by the land court for the filing of papers, the entry of orders, etc., by way of partial compensation for the judicial service rendered by the land court to litigants and which when finally collected become government realizations," is in conflict with Articles 5, 7 and 14 of the Amendments to the Constitution of the United States in that it deprives *Page 386 
said contestants of property without due process of law, denies them the equal protection of the laws and precludes them from the right of trial by jury. We are satisfied, without further argument, that the interpretation, whether in error or not, of a statute of costs, to require the payment, as a prerequisite of appeal, of items aggregating $152.29, to which the government is entitled, instead of a part only of those items aggregating fifteen dollars, is not a denial to the appellants of any of the fundamental rights above referred to.
It is further urged that section 3225, R.L. 1925, permits the apportionment of costs and that the ex parte finding of the circuit judge under this section apportioned to the contestants fifteen dollars as their share of the costs upon appeal. This point was urged and considered upon the original submission. It is apparent from a reading of section 3225 that the apportionment and waiver therein provided refer only to matters mentioned in the section itself and do not refer to costs upon appeal.
It is also claimed that costs in excess of fifteen dollars were remitted to the appellants under the discretionary power conferred upon the circuit judge by section 2545, R.L. 1925. The judge's finding as to costs accrued for the purpose of appeal was based upon the application of W.Y. Char, attorney for one of the contestants, without notice to the applicants or either of them and without opportunity on their part to be present and contest the same. It does not appear that it was made in an attempt to "reduce or remit costs chargeable to a defendant, where, in special or exceptional cases, the costs appear" to the judge to be onerous. On its face it appeared to have been made upon an erroneous conclusion (in view of the decision of this court inChristian v. Waialua Agr. Co., 31 Haw. 242,) as to what are accrued costs upon appeal. *Page 387 
The petition is denied without argument under the rule.