ANITA K. BROWN AND COOKE TRUST COMPANY,
LIMITED, A HAWAII CORPORATION *v.* HIKO-
ICHI TOKUDA AND MOSES AKIONA, LIMITED,
A HAWAII CORPORATION.

No. 4504.

JULY 7, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

*Per Curiam.* This is a personal injury action. Defend-
ants prevailed. The trial court's allowance of costs to
defendants included attorneys' fees amounting to $705.24
claimed to have been expended for attorneys retained by
defendants' attorney of record in connection with the tak-
ing in foreign jurisdictions of several depositions intro-
duced in evidence on the trial. Plaintiffs have appealed
from the order and contend that attorneys' fees incurred
for such purpose are not taxable as costs under our
statutes[1] in ordinary negligence actions. We agree.

---

[1] R.L.H. 1955, § 219-9: "§ *219-9. Cost charges exclusive; disburse-
ments.* No other costs of court shall be charged in the supreme court
or in the circuit courts in addition to those prescribed in this chapter

Ordinarily, attorney's "fees are not taxable as costs against the losing party in the absence of a statute, agreement, or stipulation authorizing the allowance thereof." *Yokochi* v. *Yoshimoto,* 44 Haw. 297, 307, 353 P.2d 820, 826; *Welsh* v. *Campbell,* 42 Haw. 490; *Bishop Trust Co.* v. *Smart,* 39 Haw. 641; *Dress Mfg. Co.* v. *Cadinha,* 33 Haw. 456. Nor does H.R.C.P., Rule 54(d)[2] confer on our courts the discretionary power to award attorney's fees in cases at law. *Yokochi* v. *Yoshimoto, supra* at 307. Accordingly, the fee of a foreign attorney retained by the attorney of record in a negligence action in connection with the taking of an out-of-state deposition is not taxable as a disbursement of the party so represented.

Defendants' reliance on *Foster* v. *Hayward,* 9 Haw. 563, is misplaced. This case is authority for the allowance of commissioner's fees and expenses, not attorneys' fees, incurred in the taking of depositions. To the same effect are *Waikulani* v. *Carter,* 12 Haw. 83, and *Cordozo* v. *Sociedade de San Antonio,* 19 Haw. 319. See also, *Christian* v. *Waialua Co.,* 31 Haw. 242.

Plaintiffs further contend that it was "an abuse of discretion to award substantial costs which were not re-

---

in any suit, action or other proceeding, except as otherwise provided by law.

"All actual disbursements sworn to by an attorney, and deemed reasonable by the court, may be allowed in taxation of costs."

R.L.H. 1955, § 223-5: "*Sec. 223-5. Costs.* The costs of every application for any rule or order to be made for the examination of witnesses under any commission by virtue of this chapter, and of the rule or order and proceedings thereupon, shall be costs in the cause unless otherwise directed either by the judge making such rule or order, or by the judge before whom the trial or inquiry of the cause may be had, or by the court wherein the action shall be dependent."

[2] H.R.C.P., Rule 54(d): "(d) COSTS. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the Territory [State] or a county, or an officer or agency of the Territory [State] or a county, shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on 48 hours' notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

quested until after the time for appeal had run." In addition to the attorneys' fees taxed above the lower court taxed an additional $241.20. The statutory basis for the taxation of this amount is not contested by plaintiffs' specification of error. The time for appeal expired on July 26, 1964 and the motion to tax costs was filed on August 11, 1964.

Plaintiffs argue that they are now taxed with substantial costs without the possibility of reversing the judgment below,[3] after they determined to forego the expense of appeal from an adverse judgment. H.R.C.P., Rule 58, provides that, "The entry of judgment shall not be delayed for the taxing of costs." We find plaintiffs' contention as to the abuse of discretion to be without merit since plaintiffs were aware or should have been aware at the conclusion of the trial of the taxability of these costs in the amount of $241.20.

Reversed and remanded for entry of a modified order taxing costs in the sum of $241.20.

*Alexander C. Marrack (Robertson, Castle & Anthony)* for appellants.

*Leslie T. Bennett (Skinner, Bennett & Ornelles)* for appellees.

---

[3] It has been stated that: "An appeal will not lie from a judgment upon the issue of costs alone, * * * unless the power of the trial court to assess particular items as costs is in issue or there has been an abuse of discretion." 6 Moore, *Federal Practice*, § 57.40(5), p. 1309 (2d ed.). On the view we take, we need not consider this point.