OTTO BEERMAN, RUBY BEERMAN and OTTO
BEERMAN, as Guardian Ad Litem of PERRY
BEERMAN, a minor, Plaintiffs-Appellants, *v.* TORO
MANUFACTURING CORPORATION, INTER-
ISLAND EQUIPMENT COMPANY, Defendants-
Appellees, and THE CITY AND COUNTY OF
HONOLULU, Defendant

NO. 6368

AUGUST 5, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*OPINION OF THE COURT BY PADGETT, J.*

In this case to recover damages for injuries caused by an
allegedly defective lawn mower, plaintiffs-appellants appeal

the granting of a partial summary judgment, the granting part way through plaintiffs-appellants' case of an oral motion to dismiss and the taxation of costs.

The following issues are the subject of this appeal:

1. Whether appellants were properly required to produce the specific lawn mower alleged to be defective in order to prove its defective design.

2. Whether in this suit for personal injury against a manufacturer and distributor of an allegedly defective product the appellants' claim for treble damages under HRS § 480-13 was properly dismissed where the manufacturer and distributor allegedly made knowing misrepresentations as to the safety of the product.

3. Whether satisfaction of a judgment for compensatory damages by one of three tortfeasors bars any subsequent judgment for punitive damages against the other two tortfeasors.

4. Whether the court below correctly allowed costs of $3,037.55 to Appellee Toro and $1,962.14 to Appellee Inter-Island against appellants while awarding appellants only $561.62 of $13,128.57 claimed against Appellee City.

We reverse as to point one, affirm with respect to point two, hold in the negative on point three and remand without a determination on the merits as to point four.

Appellant Perry Beerman was standing in line at a school water fountain with his fourth grade class when a piece of debris was hurled into his right eye by a nearby Toro Hevi-Duty model 23000 lawn mower. He allegedly lost 83% of his vision in that eye. Perry's father brought suit as Guardian Ad Litem alleging that the City and County of Honolulu was liable for negligent operation of the mower, that Inter-Island Equipment Company (the distributor) was liable for misrepresentation, negligent inspection or gross negligence in the sale and delivery of the mower, and that Toro Manufacturing Corporation was liable for defective design, gross negligence in manufacture and marketing, gross negligence in failing to warn of dangers, breach of warranty of fitness of the lawn mower and misrepresentation.

One of appellants' prayers for relief was based on HRS § 480-13, which levies treble damages against businesses found guilty of deceptive trade practices. Prior to trial, Toro and Inter-Island joined in a successful motion for partial summary judgment on that claim. During the trial, after appellants had presented part of their case, the court granted Toro and Inter-Island's oral motion to dismiss all remaining claims against them because appellants failed to prove which specific Toro mower was involved in the accident.

On June 24, 1976 the jury found the City liable for negligently causing the injury to Perry Beerman's eye and awarded compensatory damages of $62,500 for Perry Beerman and $1,156.04 for Otto and Ruby Beerman. Prior to trial, the City together with all other defendants had made an offer of judgment for $77,500 that included costs up to May 11, 1976.

Thereafter, the City paid the damages awarded against it and appellants filed a Satisfaction of Judgment as to the City. Costs were specifically excepted from the Satisfaction.

After the trial, the costs of the parties were taxed by the court. Appellees Toro and Inter-Island were allowed $3,037.56 and $1,962.14, respectively, against appellants. Of appellants' claimed costs of $13,128.57 against Appellee City, $561.92 was awarded.

## MOTION TO DISMISS

The first issue is whether Appellees Toro and Inter-Island were properly dismissed. The "motion to dismiss" was made after eight witnesses had testified for the appellants.

All parties agree that appellants had stated a claim for relief under Rule 12(b)(6), *Hawaii Rules of Civil Procedure*. Appellees argued, however, and the court below granted the motion, on the theory that appellants had to specifically identify the allegedly defective Toro lawn mower to prevail.

At one point counsel for the appellants characterized the motion before the court as a motion for directed verdict. Such

a motion was clearly inappropriate under Rule 50(a), *Hawaii Rules of Civil Procedure* since appellants had not yet rested.

However, in the circumstances of this case, the procedural irregularity is not important since in granting the motion, the court erred substantively.

Appellants alleged, and, at trial, sought to prove that the lawn mower in question suffered a design defect common to all Toro Hevi-Duty model 23000 lawn mowers. The court, by its ruling, prevented the introduction of expert testimony to that effect. The evidence on that point was that the lawn mower which injured Perry Beerman was one of 6 to 8 mowers of that model owned by the City, but it could not be specifically identified. At that point, the appellants sought to subpoena all Toro 21 Hevi-Duty lawn mowers that the City had at Palolo Valley at the time in question. The court quashed the subpoena.

The crux of a products liability case is "proof that the product was somehow defective and that the damages were caused by the defect." *Stewart v. Budget Rent-A-Car Corp.*, 52 Haw. 71, 75, 470 P.2d 240, 243 (1970). Appellees cite *Shramek v. General Motors Corp.*, 69 Ill. App. 2d 72, 216 N.E.2d 244 (1966) for the proposition that appellants "by not bringing forth the alleged defective lawnmower, cannot . . . demonstrate that the lawnmower had any defect at all." In *Shramek*, the plaintiff was injured when his automobile overturned following a tire blowout. The suit claimed that a defect in design or manufacture of the tire made both the tire and the automobile to which it was attached defective. The tire could not be produced at trial. The *Shramek* court entered summary judgment because, without the tire, the plaintiff could not prove "(1) that the accident which resulted in his injuries was caused by a tire, [and] (2) that said tire was defective." 216 N.E.2d at 246-47. Significantly, the court also stated:

> Blowouts can be attributed to myriad causes, including not only the care with which the tires are maintained, but the conditions of the roads over which they are driven and the happenstance striking of damaging objects.

*Id.*

The injury here, unlike *Shramek,* cannot be said to be attributable to a "myriad" of causes. Perry had no control of the allegedly defective mower as he awaited his turn at the drinking fountain. There was no evidence that the machine was being operated in a manner other than that for which it was designed. Nor was there evidence that any of the Toro model 23000 mowers owned by the City had been altered.

Although in products liability cases the mere happening of an accident does not justify the inference that the product was defective, *see, e.g., Gates v. Ford Motor Co.,* 494 F.2d 458 (10th Cir. 1974); *Tucson Gen. Hosp. v. Russel,* 7 Ariz. App. 193, 437 P.2d 677 (1968), we find our Supreme Court's decision in *Stewart v. Budget Rent-A-Car Corp., supra,* 52 Haw. 71, 470 P.2d 240 (1970), to be apposite. In *Stewart,* the allegedly defective parts of the auto that caused the plaintiff's accident were found to be broken after the accident. An expert could not say whether the breaking caused the accident or vice versa. The plaintiff's testimony was that the automobile began going uncontrollably to the left and that applying her brakes only increased the condition. On appeal, the Supreme Court found sufficient evidence to affirm the lower court's denial of a directed verdict.

It is obvious from their very nature that there are going to be products liability cases where the plaintiff cannot produce the specific instrumentality which caused the injury. That inability is not always a bar to recovery. Compare *Hessler v. Suburban Prophane Natural Gas Co. of Pennsylvania,* 402 Pa. 128, 166 A.2d 880 (1961); *Trowbridge v. Abrasive Co. of Philadelphia,* 190 F.2d 825 (3rd Cir. 1951); *Bailey v. Montgomery Ward and Company,* 6 Ariz. App. 213, 431 P.2d 108 (1967); *Bronson v. J. L. Hudson Co.,* 376 Mich. 98, 135 N.W.2d 388 (1965).

We hold that it was not necessary for appellants to identify the specific defective mower in order to prove that model Toro 21" Hevi-Duty lawn mowers were defective and accordingly, we hold that the "motion to dismiss" was erroneously granted.

The court's action in granting the "motion to dismiss" prevented appellants from offering any further proof on their claims against Appellees Toro and Inter-Island. On remand, the sufficiency of the evidence with respect to their claims will, of course, be subject to the court's review under Rule 50, *Hawaii Rules of Civil Procedure* if appropriate motions are made.

## HRS § 480-13 CLAIM

Appellants alleged that Appellees Toro and Inter-Island engaged in unfair and deceptive business practices in violation of HRS § 480-2[1] that proximately caused permanent impairment of the earning capacity of Appellant Perry Beerman. Consequently, the appellants prayed for treble damages, attorney's fees and costs pursuant to HRS § 480-13[2]. The court below dismissed this claim on summary judgment.

HRS §§ 480-2 and 480-13 are hybrids of a federal antitrust statute — the Clayton Act, a federal consumer protection act — the Federal Trade Commission Act and the Hawaii legislature's intent to protect the consumer. Section 480-13 is

---

[1] *Unfair competition, practices, declared unlawful.* Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

[2] *Suits by persons injured; amount of recovery, injunctions.* (a) Any person who is injured in his business or property by reason of anything forbidden or declared unlawful by this chapter:

(1) May sue for damages sustained by him, and, if the judgment is for the plaintiff, he shall be awarded a sum not less than $1,000.00 or three-fold damages by him sustained, whichever sum is the greater, and reasonable attorneys fees together with the cost of suit; provided that no showing that the proceeding or suit would be in the public interest (as these terms are interpreted under section 5(b) of the Federal Trade Commission Act) is necessary when the party against whom the proceeding or suit is brought is a merchant as that term is defined in chapter 490; and

(2) May bring proceedings to enjoin the unlawful practices, and if the decree is for the plaintiff, he shall be awarded reasonable attorneys fees together with the cost of suit.

(b) The remedies provided in this section are cumulative and may be sought in one action.

based on § 4 of the Clayton Act. *See,* 1955 RLH, 1961 Supplement, § 205 A-11; Act of October 15, 1914, chapter 323, § 4, 38 Stat. 231. Appellees argue that the meaning of injury to "business or property" should be construed consistently with the Clayton Act to exclude any injuries suffered by a person, as opposed to a business. *See, e.g., Weinberg v. Federated Dept. Stores, Inc.,* 426 F.Supp. 880 (D.C. Cal. 1977). To so hold, however, would be to ignore the concomitant provision of HRS § 480-2 which prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." This language has been adopted from § 5 of the Federal Trade Commission Act. *See, Senate Standing Committee Report No. 729, Senate Journal* (1965); *House Standing Committee Report No. 267, House Journal* (1965); 15 U.S.C. § 45(a)(1). Under the provisions of the F.T.C.A., deceptive acts or practices that cause damage to the consumer may provide a basis for civil action by the Federal Trade Commission against the offending party. 15 U.S.C. § 45(b).

Moreover, the Hawaii legislature intended HRS §§ 480-2 and 480-13 to provide consumers with individual causes of action where they have been injured by a deceptive trade practice. *See, Senate Standing Committee Report No. 600, Senate Journal* (1968); *House Standing Committee Report No. 661, House Journal* (1969); *Senate Standing Committee Report No. 703-74, Senate Journal* (1974); *House Standing Committee Report No. 735-74, House Journal* (1974). To effectuate its intent, the legislature, per HRS § 480-3, has indicated that interpretation of the Federal Trade Act should be consulted in applying the provisions of HRS § 480-2; it has also removed the requirement of showing a public interest before initiating suit, *Senate Standing Committee Report No. 703-74, Senate Journal* (1974); *House Standing Committee Report No. 735-74, House Journal* (1974); and it has provided minimum penalties under HRS § 480-13 to allow individual claimants to bring suit regardless of the amount of damages they suffer. Thus, claims under HRS § 480-13 cannot be limited to injuries to business.

However, though individual actions based on damage to a consumer's property may be within the purview of §§ 480-2 and 480-13, the scope of the statutes does not extend to personal injury actions. The legislative history to §§ 480-2 and 480-13 makes clear that the paramount purpose of both statutes is to prevent deceptive practices by businesses that are injurious to other businesses and consumers. It does not reflect a legislative intent that § 480-13 be used as a vehicle for personal injury suits. Indeed, the trebling of awards under § 480-13, if applied to personal injuries connotes a punitive use of the statute which was specifically rejected by the legislature during its consideration of the original legislation from which § 480-3 arose. *Senate Conference Committee Report No. 19, Senate Journal 1075* (1961); *House Conference Committee Report No. 16, House Journal 577* (1961). Accordingly, we affirm the summary judgment dismissing the § 480-13, HRS, claim.

### SATISFACTION OF JUDGMENT .

Appellees claim that the Satisfaction of Judgment filed by appellants with respect to the City bars any further proceedings, as appellants are entitled to but one satisfaction of judgment. The jury found Appellee City to have negligently caused Appellant Perry Beerman's injuries and awarded appellants a total of $63,656.04 in compensatory damages. Appellants concede appellees' argument with respect to compensatory damages. *See, e.g., Walker v. U-Haul Co., Inc.,* 300 So.2d 289 (Fla. App. 1979).

Appellants contend, however, that they are not barred from obtaining punitive or exemplary damages from Appellees Toro and Inter-Island. We agree.

The rule providing that a satisfied judgment against a tortfeasor bars suit against others jointly responsible for the same injury "is predicated upon the equitable theory of unjust enrichment which forbids greater recovery than the loss or injury sustained." *Pillo v. Reading Co.,* 232 F. Supp. 761, 762 (D.C. Pa. 1964). Where double recovery for the same injury does not occur, suit against other liable tortfeasors has been

permitted notwithstanding the entry of a satisfaction of judgment. For example, acceptance of a satisfaction of judgment from one of two obligors on a promissory note does not bar an action against the other obligor for attorney's fees incurred in collecting the note which he alone agreed to pay. *Washington Trust Company v. Fatone*, 256 A.2d 490 (R.I. Sup. Ct. 1969). Punitive damages awarded against one tortfeasor do not constitute double recovery with respect to a judgment against another tortfeasor since the purpose of punitive awards is to punish a particular offender rather than to compensate the victim for its injury. *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.*, 88 N.M. 472, 542 P.2d 52 (N.M. Ct App. 1975), *rev'd* on other grounds, 89 N.M. 187, 548 P.2d 865 (N.M. Sup. Ct. 1976); *Porter v. Sorell*, 280 Mass. 457, 182 N.E. 837, 85 A.L.R. 1159 (1932).

On remand, if it is established that the mower design was defective, the showing of actual damages required prior to finding of punitive damages, *Howell v. Asso. Hotels*, 40 Haw. 492 (1954), will have already been met by the jury's finding of compensatory damages. Consequently, the damage issue before the court will be limited to the determination of whether Inter-Island or Toro

> acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations; or [whether] there has been some willful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences.

*Kang v. Harrington*, 59 Haw. 652, 587 P.2d 285, 291 (1978) (citing *Bright v. Quinn*, 20 Haw. 504, 512 (1911)). The measure of punitive damages "should be the degree of malice, oppression, or gross negligence which forms the basis for the award and the amount of money required to punish the defendant, considering his financial condition." *Howell v. Asso. Hotels*, 40 Haw. 492, 501 (1954).

We note that there are Hawaii Supreme Court cases holding that punitive damages may be recovered against corporate defendants, such as Toro or Inter-Island, only if the

corporations expressly or impliedly authorized the allegedly tortious act before or after it was committed. *Baldwin v. Hilo Tribune Herald,* 32 Haw. 87 (1931); *Chin Kee v. Kaeleku Sugar Co.,* 29 Haw. 524 (1926). The issue of whether that doctrine still has validity is not before us.

## COSTS

On the issue of costs, we remand for further consideration. Since there must be a trial on the issue of punitive damages with respect to Appellees Toro and Inter-Island the award in their favor against appellant must necessarily be set aside and costs determined after that trial is concluded. All three of the parties filing Bills of Costs below made claims for items which, under decisions of the Supreme Court of Hawaii, are clearly not allowable as costs *per se*. The effect of the various offers and counteroffers of judgment under Rule 68, *Hawaii Rules of Civil Procedure* on this matter can only be judged after the trial below. Moreover, we can detect no consistent thread running through the allowance and disallowance of particular items as to the three parties making claims for costs. Accordingly, we rule that the whole subject of costs, including the items allowed and disallowed to appellant against the City, should be considered at one time after the conclusion of the trial below.

Reversed and remanded for proceedings consistent with this opinion.

*Patrick Jaress (Renton L. Nip* on the Opening Brief and *Shackley F. Raffetto* on the Reply Brief) for plaintiffs-appellants.

*Stephen B. McDonald (Peter C.-P. Char* on the Brief) for appellee-defendant Inter-Island Equipment Company.

*Stephen K. C. Mau* for appellee-defendant Toro Manufacturing Corporation.

*Edmund L. Lee, Jr.* (appearance only) for defendant City and County of Honolulu.