**John Mason KESSLER,
Plaintiff-Appellant,**

v.

**ASSOCIATES FINANCIAL SERVICES
COMPANY OF HAWAII, INC.,
Defendant-Appellee.**

No. 78-3042.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 12, 1980.

Decided Feb. 9, 1981.

John Harris Paer, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiff-appellant.

James M. Sattler, Sattler, Spradlin & Brandt, Honolulu, Hawaii, for defendant-appellee.

Before SKOPIL, FLETCHER and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

This case has come back to us after an earlier remand. *Kessler v. Associates Financial Services Company of Hawaii*, 573 F.2d 577 (9th Cir. 1977). On remand the district court awarded appellant maximum statutory damages of $1,000, attorney's fees of $2,000, and court costs.

This appeal presents two significant issues: (1) whether a plaintiff represented by a legal services organization in an action under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, is entitled to an award of attorney fees under 15 U.S.C. § 1640(a)(3); and (2) whether the district court abused its discretion in awarding plaintiff's counsel $2,000 in fees, a sum appellant contends is unreasonably low in light of the effort expended and the results achieved by counsel.

Under 15 U.S.C. § 1640(a)(3) a "creditor who fails in connection with any consumer credit transaction to disclose to any person . . . required [consumer credit information] is liable to that person . . . in the case of any successful action . . . [for] a reasonable attorney's fee as determined by the court." The district court awarded attorney's fees even though appellant was represented without charge by Legal Aid Services of Hawaii, a nonprofit public interest legal aid corporation. Because appellant incurred no obligation to pay attorney's fees, appellee challenges the propriety of that award.

In *Hannon v. Security National Bank*, 537 F.2d 327 (9th Cir. 1976), plaintiff successfully brought an action for violations of the Truth in Lending Act in propria persona. Plaintiff was denied an award of attorney's fees because we concluded that Congress had not intended to compensate non-attorneys who press their individual claims. Because the action was in propria persona, we had no occasion to decide, and therefore left open, the question whether legal services organizations that successfully represent plaintiffs without charge in TILA actions are entitled to an attorney's fee award.

537 F.2d at 328 n.1. We did, however, explain that the "purpose behind granting attorney's fees is to make a litigant whole and to facilitate private enforcement of the Truth in Lending Act." 537 F.2d at 328–29. This purpose is served where a legal services organization, such as Legal Aid Society of Hawaii, without charge successfully prosecutes an action brought under TILA. The attorney's fee award will be paid directly to the organization, *see Dennis v. Chang*, 611 F.2d 1302, 1309 (9th Cir. 1980), and will thereby presumably facilitate private enforcement of the act.

Moreover, in 1976 Congress passed the Civil Rights Attorney Fees Award Act, 42 U.S.C. § 1988, to encourage private enforcement and redress of civil rights violations. *Dennis v. Chang*, 611 F.2d 1302, 1306 (9th Cir. 1980). We have held that civil rights plaintiffs represented without charge by legal services attorneys may be awarded attorney's fees under section 1988. *Leeds v. Watson*, 630 F.2d 674 (9th Cir. 1980); *Dennis v. Chang, supra*. The policy considerations that support awards of attorney's fees to legal services organizations prosecuting civil rights litigation also support such awards in Truth in Lending cases.

■ Accordingly, we join the Third and Fifth Circuits in holding that a legal services organization representing without charge a successful plaintiff in a Truth in Lending action is entitled to an attorney's fee award under 15 U.S.C. § 1640(a)(3). *See Manning v. Princeton Consumer Discount Co.*, 533 F.2d 102 (3rd Cir.), *cert. denied*, 429 U.S. 865, 97 S.Ct. 173, 50 L.Ed.2d 144 (1976); *Sellers v. Wollman*, 510 F.2d 119 (5th Cir. 1975).

■ TILA provides that the prevailing plaintiff shall be awarded a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640(a)(3). The amount of the fee award is within the discretion of the trial judge and will not be disturbed on appeal absent a clear abuse of discretion. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied sub nom. Perkins v. Screen Extras Guild, Inc.*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d at 70, this court established twelve factors to be considered by the district court in awarding reasonable attorney's fees.[1] Here the district court considered each of the factors catalogued in *Kerr*. Although no formal findings of fact or conclusions of law were prepared, the transcript does demonstrate that the district court considered the factors established by *Kerr*. We therefore cannot say that the district court clearly abused its discretion in its award of attorney's fees.

AFFIRMED.

---

1. The factors to be considered by the district court are:

    (1) the time and labor required;

    (2) the novelty and difficulty of the questions involved;

    (3) the skill requisite to perform the legal service properly;

    (4) the preclusion of other employment by the attorney due to acceptance of the case;

    (5) the customary fee;

    (6) whether the fee is fixed or contingent;

    (7) time limitations imposed by the client or the circumstances;

    (8) the amount involved and the results obtained;

    (9) the experience, reputation and ability of the attorneys;

    (10) the "undesireability" of the case;

    (11) the nature and length of the professional relationship with the client; and

    (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d at 71.

The court need not consider all twelve factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award. *Stanford Daily v. Zurcher*, 64 F.R.D. 680, 682 (N.D.Cal. 1974).