MONTE ALLEN AILETCHER and ECONOMY MOTORS, INC., a Hawaii Corporation, Plaintiffs-Appellants, *v.* BENEFICIAL FINANCE COMPANY OF HAWAII, a Delaware corporation, BENEFICIAL MANAGEMENT CORPORATION OF AMERICA, a Delaware corporation, and BENEFICIAL CORPORATION, a Delaware corporation, Defendants-Appellees

NO. 7151

CIVIL NO. 4761

JULY 22, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

302

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment below in favor of the defendants and against the plaintiffs. After the court below had dismissed the action with respect to Defendant-Appellee Beneficial Corporation (hereinafter "Corporation"), the case proceeded to trial against Defendants-Appellees Beneficial Finance Company of Hawaii (hereinafter "Finance") and Beneficial Management Corporation of America (hereinafter "Management"). At the conclusion of the trial, a motion for directed verdict against the plaintiffs was granted and judgment entered. We affirm in part and reverse in part.

Appellants first contend that the court below erred in dismissing the action with respect to Corporation. The allegations of the complaint were simply that Corporation was the parent and alter-ego of the other two defendants. A motion to dismiss, accompanied by an affidavit, was filed with respect to Appellee Corporation. The motion thus must be treated as a motion for summary judgment. Rule 12(b), Hawaii Rules of Civil Procedure (HRCP). Essentially, the

affidavit established that Corporation while owning the stock of the other two corporations did no business in Hawaii and did not control their activities.

Appellants argue, however, that the exhibits attached to their memorandum in opposition to the motion raised a genuine issue of material fact as to whether Corporation is the alter-ego of the other two. Even if we assumed however, that establishing such a fact would be sufficient to satisfy the Hawaii Long-Arm Statute, an assumption we are unwilling to make, the fact remains that the documents relied upon by appellants are uncertified and unsworn to and thus, cannot be considered on a motion for summary judgment. *Lane v. Yamamoto*, 2 Haw. App. ____, 628 P.2d 634 (1981); *Munds v. First Insurance Company, Ltd.*, 1 Haw. App. 104, 614 P.2d 408 (1980); *Cane City Builders v. City Bank*, 50 Haw. 472, 443 P.2d 145 (1968); *Pacific Concrete FCU v. Kauanoe*, 62 Haw. 334, 614 P.2d 936 (1980). Accordingly, there is nothing in the record to contradict the affidavit of defendants which establishes that Corporation is not the alter-ego of the other corporations. The motion to dismiss was therefore properly granted.

The undisputed evidence establishes that at the time the events which gave rise to this action occurred, Appellant Ailetcher was seriously in default in the repayment of monies he had borrowed from Appellee Finance. Ailetcher was the manager of Appellant Economy's Kona sales lot. Lawrence Primacio was the manager of Finance's Kona office who was under the supervision of Dong Ho Yang, an employee of Management. When a prospective purchaser of an automobile from Economy who needed financing appeared, particularly one who had previously been a customer of Finance, Ailetcher would call Primacio to initiate the financing arrangements for the automobile and if Finance's requirements were met, it would finance the purchase.

Although there is considerable dispute in the testimony, there was evidence from which the jury could find that Yang ordered Primacio to cease doing business with Economy's Kona's office until Ailetcher paid his debt in full. Ailetcher testified that he eventually reported this to his superior, Larry Boot. Boot testified that he called Primacio and Yang and that they verified the ban on business until payment. In the course of that conversation, Boot testified that he gained the impression from Yang that Ailetcher was able to pay his

indebtedness to Finance and simply wasn't doing it. Ailetcher and Boot testified that as a result of the ban, Economy lost business and Ailetcher, who was on a percentage of gross sales commission arrangement, lost income. Ailetcher also testified that as a result, he suffered mental and emotional distress. At the close of all of the evidence, the appellees renewed the motion for a directed verdict which they had made at the close of appellants' case; the motion was granted; judgment was entered; and this appeal followed.

With respect to Count II (defamation), Count III (unlawful methods of debt collection), Count IV (invasion of Ailetcher's right of privacy), and Count VIII (conspiracy), we affirm the action of the court below in granting the directed verdict. We find no evidence to support those claims. As to Count VI (negligent infliction of emotional distress), we hold that in the context of an attempt to collect a debt, we are bound by the decision in *Fraser v. Blue Cross Animal Hospital,* 39 Haw. 370 (1952) which limits recovery in such instances to intentional wrongs. We, therefore, affirm the directed verdict as to Count VI. There is no Count VII.

This leaves us with Count I (intentional infliction of mental suffering) and Count V (unfair acts or practices in violation of § 480-2, Hawaii Revised Statutes). Since there is no mental distress which can be suffered by a corporation, the motion for a directed verdict on Count I with respect to Economy Motors was properly granted.

*Fraser v. Blue Cross, supra,* which governs this case, states:

> From these decisions we may deduce the rule that to permit recovery for mental suffering which may result in illness, three elements must be present: (1) that the act is intentional; (2) that it is unreasonable; and (3) that the actor should recognize it as likely to result in illness. . . .

39 Haw. at 375.

If a jury believes, from the evidence, that the appellees cut off or threatened to cut off further extension of credit to Economy Motors' customers in the purchase of cars from Economy in an attempt to force payment of Ailetcher's debt, the first element (that of intent) will have been proved.

The second element, whether the appellees' course of conduct was unreasonable, presents a much more difficult question and one on which there appears to be no decided case directly in point on the

facts. We think, however, that it would be a jury question whether, in the context of our society, it is unreasonable for a creditor to attempt to coerce payment of a debt by threatening to cut off business with the debtor's employer, at least where the debtor has no ownership interest in the employer.

The third element set forth in *Fraser v. Blue Cross,* is that the actor should recognize his conduct is likely to result in illness. Again, we think it a jury question, whether, given the circumstances of this case, such a finding could be made. As the Supreme Court has said, it is for the trier of the fact to "decide whether, under the facts of this case, serious mental distress to the plaintiff was a reasonably foreseeable consequence of the defendant's act." *Rodrigues v. State,* 52 Haw. 156, 174, 472 P.2d 509 (1970). *Compare, Silva v. Bisbee,* 2 Haw. App. ___, 628 P.2d 214 (1981).

We, therefore, hold that it was error for the court below to direct a verdict in favor of the appellees and against Appellant Ailetcher on Count I.

Turning to Count V, we note that since the judgment below was entered and since the briefs in this case were filed, the Supreme Court has twice construed § 480-2, Hawaii Revised Statutes and we have once dealt with it. *Ai v. Frank Huff Agency, Ltd.,* 61 Haw. 607, 607 P.2d 1304 (1980); *Island Tobacco Co. v. R. J. Reynolds,* 63 Haw. ___, 627 P.2d 260 (1981); *Beerman v. Toro Manufacturing Corp.,* 1 Haw. App. 111, 615 P.2d 749 (1980). Those cases, while not directly in point, do shed some light on how § 480-2, HRS and the concomitant § 480-13, HRS, are to be construed. Section 480-13, HRS, allows a private suit for damages for violation of § 480-2 and provides that:

> no showing that the proceeding or suit would be in the public interest (as these terms are interpreted under section 5(b) of the Federal Trade Commission Act) is necessary when the party against whom the proceeding or suit is brought is a merchant as that term is defined in chapter 490; . . .[1]

---

[1] At oral argument, appellants contended that in *Beerman, supra,* we dispensed with the public interest showing altogether. This is not so. In *Beerman,* we were dealing with defendants who obviously were merchants under the commercial code. This is why we alluded to the fact that no showing of public interest needed to be made in that case.

Appellant contends that under § 490:2-104(1), Hawaii Revised Statutes, Finance is a merchant because appellees deal in "goods" as goods are defined in § 490:2-105(1). We cannot agree. The comments to the official text note that "Goods is intended to cover the sale of money when money is being treated as a commodity but not to include it when money is the medium of payment." Appellants' argument comes down to the flat assertion that in every loan transaction, the money loaned is being treated as a commodity rather than as a medium of payment. However, the definition of goods in § 490:2-105(1) is

> "Goods" means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid ...

Obviously, in a loan transaction, the money is the price which is to be paid both when loaned from the creditor to debtor, and when repaid from the debtor to the creditor. Accordingly, we hold that a lender of domestic currency is not a merchant for the purposes of Chapter 480, Hawaii Revised Statutes.

We are, therefore, left with the question of whether, under § 480-2, appellees' action in threatening to cut off business with Appellant Ailetcher's employer, the Appellant Economy Motors, is of such a nature that the public interest in the prevention of the same allows a private suit.

Unlike the situation in *Ai v. Huff,* the appellees here do not fall within the definition of collection agencies under the provisions of Chapter 443, Hawaii Revised Statutes. Hence, we have no statutory violation involved in this case. Nor was the action of the appellees such as to constitute an unfair method of competition, a restraint of trade or a monopolization of an area of commerce.

However, in *Ai v. Huff, supra,* the Supreme Court of Hawaii, quoting from *FTC v. Klesner,* 280 U.S. 19, 28, 50 S. Ct. 1, 4, 74 L.Ed. 138 (1929) stated:

> the mere fact that it is to the interest of the community that private rights shall be respected is not enough to support a finding of public interest. To justify filing a complaint the public interest must be specific and substantial. Often it is so, because the unfair method employed threatens the existence of present or potential competition. Sometimes, because the unfair method

is being employed under circumstances which involved flagrant oppression of the weak by the strong. . . .

61 Haw. at 614.

We think, in this case, there was evidence from which a jury could find that appellees' conduct in threatening to cut off business with Ailetcher's employer unless Ailetcher paid his debt in full, was an unfair act, and was a flagrant oppression of the weak by the strong.

Appellees argue, however, that the proof of damages to Ailetcher and Economy's business arising out of their threat is so weak as to be non-existent. We understand the rule on damages in this jurisdiction to be that the fact of damage must be proved with reasonable certainty but that once that requirement has been satisfied, it is up to the trier of fact to make a determination of the amount of damage from such evidence as is available. *Coney v. Lihue Plantation Co.*, 39 Haw. 129 (1951); *Tanuvasa v. City and County of Honolulu*, 2 Haw. App. ____, 626 P.2d 1175 (1981). We think there is some evidence from which a juror, who believed it, might, as a reasonable man, conclude that it was reasonably certain that damage had resulted from appellees' conduct in threatening to cut off business with Economy Motors.

Thus, we hold that a directed verdict against Ailetcher and Economy Motors was improperly granted as to Count V. However, we reiterate our holding in *Beerman v. Toro, supra,* that under §§ 480-2 and 480-13, HRS, there is no room for damages for personal injury and hence, there can be no recovery by Ailetcher in this case, under Count V for mental pain and suffering.

Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.

*Lawrence W. Cohn* for plaintiffs-appellants.

· *Alexander C. Marrack (Hoddick, Reinwald, O'Connor & Marrack* of counsel) for defendants-appellees.