**Richard DASH, Plaintiff,**

v.

**Edward D. WAYNE, et al., Defendants.**

**Civ. No. 88–00140 VAC.**

United States District Court,
D. Hawaii.

Dec. 13, 1988.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S SECOND CLAIM FOR RELIEF OF PLAINTIFF'S FIRST AMENDED COMPLAINT

EZRA, District Judge.

## I. BACKGROUND

Plaintiff Richard Dash ("Dash") is a former minority shareholder of Defendant Polynesian Reflections, Ltd. ("PRL"), a Hawaii corporation. Defendant Edward Wayne ("Wayne") was the majority shareholder and president of PRL.

Dash alleges that Wayne breached his fiduciary duties as an officer and majority shareholder of PRL when, without Dash's knowledge, he closed down the retail clothing operations of PRL in 1983 and allowed PRL to be involuntarily dissolved for failure to file annual corporate returns in the State of Delaware, the state of incorporation. Dash further alleges that Wayne formed a new corporation, Defendant Maui Clothing Company, Inc. ("MCC") and (1) wrongfully transferred some of PRL's assets to MCC without consideration, and (2) usurped PRL's corporate opportunities by operating MCC in the same market.

Defendants filed this Motion to Dismiss the Second Claim for Relief (Count II) of Dash's First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 56 on two separate grounds: 1) Dash lacks standing to assert a claim under § 480–2[1]; and 2) Dash's claims are barred by the applicable statute of limitations. This Court finds that Dash has no standing to sue under Hawaii Rev.Stat. § 480–2 and, accordingly, Defendants' Motion to Dismiss Count II of Dash's complaint is hereby GRANTED.

## II. APPLICABLE STANDARDS

In determining the sufficiency of a complaint under Fed.R.Civ.P. 12(b)(6), the established rule is that all well-plead allegations are true, and the complaint should not

Gary Grimmer, Nadine Ando, Carlsmith, Wichman, Case, Mukai & Ichiki, Honolulu, Hawaii, for plaintiff.

Charles Hurd, Boccuto, Gilbert, Jeynes & Hurd, Honolulu, Hawaii, for defendants.

---

1. Hawaii Rev.Stat. § 480–2 provides:

   Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

   As amended in 1987, § 480–2(a) contains identical language. For a violation of either the original statute or the 1987 amendment, Hawaii Rev. Stat. § 480–13 provides for the recovery of treble damages.

be dismissed for failure to state a claim unless it clearly appears that plaintiff can prove no facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Jones v. Johnson*, 781 F.2d 769 (9th Cir.1986).

Fed.R.Civ.P. 56(c) provides that summary judgment shall be entered when:

> ...the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Although denominated "Motion to Dismiss", because matters outside the pleadings were relied upon and cited to the Court, Defendants' motion will be treated as a Motion for Summary Judgment pursuant to Rule 56, Fed.R.Civ.P.

### III. HAWAII REV.STAT. § 480–2

■ The wording of this statute indicates that its prohibition is directed at two separate types of activity: unfair methods of competition *and* unfair or deceptive acts or practices. *See* n. 1 *infra.* This is made clear by the 1987 amendment which sets forth distinctive standing requirements for "unfair or deceptive acts or practices", but remains silent as to "unfair methods of competition". (Hawaii Rev.Stat. § 480–2(d); n. 3 *infra.*) Therefore, each cause of action must be analyzed separately.

#### A. *Unfair Methods of Competition*

■ Dash claims that Defendants engaged in unfair competition with PRL by

transferring PRL's assets to MCC and allowing PRL to be involuntarily dissolved by the State of Delaware. This caused Dash's stock to become worthless. Certainly, if these allegations are substantiated by the facts, Dash can plead a cause of action to recover for that loss in value. However, no such cause of action lies under the statutory claim of unfair competition.

Essentially, Dash's claim is in the nature of a stockholder's derivative action. Dash was never personally in competition with any of the Defendants. He may well have been affected by the way their business was carried on but he has other avenues for relief, many of which are contained in separate counts of his complaint.[2]

■ The Hawaii legislature has not enacted a specific rule regarding standing to sue under this portion of Hawaii Rev.Stat. § 480–2. Pursuant to Hawaii Rev.Stat. § 480–2(b), this Court is obliged to look to 15 U.S.C. § 45(a)(1) for assistance in interpreting Hawaii Rev.Stat. § 480–2. Under that federal statute, there is no private cause of action for unfair methods of competition. *See Dreisbach v. Murphy*, 658 F.2d 720 (9th Cir.1981) and *Carlson v. Coca–Cola Co.*, 483 F.2d 279 (9th Cir.1973).

■ Therefore, Dash has no private cause of action under Hawaii Rev.Stat. § 480–2 for unfair methods of competition as a matter of law. Defendants are entitled to summary judgment on this portion of Count II of Plaintiff's complaint.

#### B. *Unfair or Deceptive Acts or Practices*

■ In 1987, Hawaii Rev.Stat. § 480–2 was amended.[3] The new limitation im-

---

**2.** The various Counts of Dash's First Amended Complaint are:
Count I—Derivative Action
Count II—Hawaii Rev.Stat. § 480–2
Count III—Interference With the Right of Access to the Corporation's Records
Count IV—Breach of Fiduciary Duty
Count V—Breach of Duty of Good Faith
Count VI—Claim for Punitive Damages.

**3.** The pre-amendment language was recodified as § 480–2(a). The remainder of § 480–2, as amended, reads as follows:

(b) In construing this section, the courts and the office of consumer protection shall be guided by the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.
(c) No showing that the proceeding or suit would be in the public interest (as these terms are interpreted under section 5(b) of the Federal Trade Commission Act) is necessary in any action brought under this section.

posed by subsection (d) on standing in suits for unfair or deceptive acts or practices allowed only one private entity as a proper plaintiff: a "consumer". Dash, by his own admission, is not a "consumer". Therefore, if this amendment is retroactive, Dash has no standing to bring this suit for unfair or deceptive acts or practices because he admittedly was not a "consumer" of the Defendants.

■ While the Defendants have argued that this amendment is retroactive, it is the general rule in this jurisdiction that "no law has any retrospective operation, unless otherwise expressed or obviously intended." Hawaii Rev.Stat. § 1–3. This is particularly true where the statute or amendment involves substantive rights, which include vested rights acquired under existing law. *Clark v. Cassidy*, 64 Hawaii 74, 636 P.2d 1344 (1981).

■ Neither the language of the statute itself nor the legislative history regarding the amendment give any expressed indication that this statute should be applied retroactively.[4] Therefore, this Court finds that Hawaii Rev.Stat. § 480–2(d) does not apply retroactively.

■ Prior to the 1987 amendment, a private cause of action did exist for unfair or deceptive acts or practices under Hawaii Rev.Stat. § 480–2. *See, e.g., Ai v. Frank Huff Agency, Ltd.,* 61 Hawaii 607, 607 P.2d 1304; *Eastern Star, Inc., S.A. v. Union Building Materials Corp., et al.,* 6 Hawaii App. ——, 712 P.2d 1148 (1985); *Beerman v. Toro Mfg. Co.,* 1 Hawaii App. 111, 615 P.2d 749 (1980). However, these decisions make it clear that standing was limited to either a consumer or a business, not an individual shareholder. *See Beerman v. Toro Mfg. Co.,* 1 Hawaii App. at 117, 615 P.2d 749 ("[T]he Hawaii legislature intended HRS §§ 480–2 and 480–13 to provide *consumers* with individual causes of action where they have been injured by a deceptive trade practice." [Emphasis added]); *Island Tobacco Company v. R.J. Reynolds Tobacco Company,* 63 Hawaii 289, 301, 627 P.2d 260 (1981) ("[W]e view § 480–2 as being designed to aid *'competitors,'* as much as to protect 'competition.'" [Emphasis added]).

As stated above, Dash, as an individual, is neither a consumer nor a competitor in the context of this action. He is a minority shareholder suing for the loss in the value of his stock in PRL. Dash has his remedies, if he is entitled to them, under his various other causes of action. His situation is simply not contemplated by Hawaii Rev.Stat. § 480–2. Therefore, Defendants are entitled to judgment on this issue as a matter of law.

## IV. CONCLUSION

Based on the law and discussion set forth above, Defendants' Motion for Summary Judgment as to Count II of Plaintiff's complaint is hereby GRANTED.

---

(d) No person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section.

**4.** In fact, in discussing this bill, the Standing Committee Report No. 1056, 1987 Senate Journal, p. 1345, would have amended the law to include a retroactive effective date. However, Standing Committee Report No. 575, 1987 House Journal, p. 1371, did not advise doing so. It is apparent that the final bill, as enacted, shows an affirmative legislative decision against retroactivity.